IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD DENARD TAYLOR, | § | |
| # 02501817, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-01193-X-(BT) |
| | § | |
| MISS SANDRA LNU, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, an inmate, filed this *pro se* action on the prisoner's civil rights form asserting claims under 42 U.S.C. § 1983. Upon review of the relevant pleadings and applicable law, the District Judge should dismiss Plaintiff's federal claims under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has not alleged that any defendant acted under color of state law. The District Judge also should decline to exercise supplemental jurisdiction over any purported state law claims.

Plaintiff alleges that he resided at the Dallas Inn for approximately one year before his incarceration and that, after he fell behind on his rent, the motel manager, Miss Sandra, instructed her staff not to provide him with a key to his room. Compl. at 4. He further alleges that two other motel employees, Will and Tiffany, refused to provide him with a room key and refused to rent rooms to his family or friends because he was behind on rent. *Id.* at 3. Plaintiff seeks compensatory and punitive damages for these alleged actions.

Because Plaintiff proceeds *in forma pauperis*, the Court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss it if it fails to state a claim upon which relief may be granted. To survive screening, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Here, Plaintiff seeks relief under 42 U.S.C. § 1983. To state a claim under § 1983, Plaintiff must allege facts showing that a defendant acted under color of state law, that is, that the challenged conduct is "fairly attributable to the State." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Private individuals and private entities do not act under color of state law merely because their conduct is wrongful, or even illegal, unless their conduct is somehow tied to state authority. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). The state action requirement excludes from federal scrutiny "merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

On its face, Plaintiff's complaint describes a private dispute between a motel and one of its guests. None of the three defendants is alleged to be a public official, a government employee, or an entity that contracts with or is regulated by the

government in any way relevant to the conduct at issue. And nothing in the complaint suggests that the Dallas Inn is anything other than a privately-owned and operated business.

The Fifth Circuit recognizes several tests for determining whether ostensibly private conduct may constitute state action, including the public function, state compulsion, nexus, and joint action tests. *See Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549-50 (5th Cir. 2005). Plaintiff's allegations satisfy none of them. Operating a private motel, managing rental units, and restricting access to rooms based on nonpayment of rent are not functions traditionally and exclusively reserved to the State. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982)(private conduct constitutes state action under the public-function test only when the private actor performs a function traditionally and exclusively reserved to the State). Nor does Plaintiff allege that any state official coerced, significantly encouraged, or otherwise participated in Defendants' decision to withhold his room key. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)(state action exists where the State exercises coercive power or provides significant encouragement); *Priester*, 354 F.3d at 420 (citations omitted) (state action may exist where a private party is a "willful participant in joint activity with the State or its agents.")). Instead, Plaintiff alleges only that Defendants refused to provide him with a room key because he fell behind on his rent while incarcerated. Those actions describe nothing more than a private dispute between a lodging provider and one of its guests.

Because Plaintiff has not alleged that any defendant acted under color of state law, his complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The deficiency in Plaintiff's complaint is not a matter of inartful pleading that could be cured by a more detailed statement of the same facts. Plaintiff's own account of events, that he fell behind on rent while he was incarcerated and that the defendants responded by refusing to provide him a room key and refusing to rent to his family or friends, describes, at most, a private dispute that would properly be pursued, if at all, through state law remedies rather than a federal civil rights action. Granting leave to amend would therefore be futile, and the District Judge should dismiss the federal claim without leave to amend. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (leave to amend is not required where amendment would be futile).

To the extent Plaintiff's allegations sound in state law, such as breach of contract or wrongful eviction, the Court should decline to exercise supplemental jurisdiction over any such claim and dismiss it without prejudice. 28 U.S.C. § 1367(c)(3). *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citations omitted) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")

**Recommendation**

Under 28 U.S.C. § 1915(e)(2)(B), the District Judge should **DISMISS** Plaintiff's federal claims for failure to state a claim upon which relief may be

granted. The District Judge should further decline to exercise supplemental jurisdiction over any state-law claims and **DISMISS** those claims **WITHOUT PREJUDICE**.

SO RECOMMENDED on July 21, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDG

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).